# LAKE ERIE AND WESTERN RAILWAY COMPANY
## v. SAMS, EXECUTRIX.

[No. 10,323.   Filed June 4, 1920.]

1. APPEAL.—*Review.*—*Refusal of Instructions.*—*Applicability.*— In an action against a railroad company for the death of a passenger in an automobile who was killed in a crossing accident, a tendered instruction that the negligence of the driver of the automobile would be imputed to decedent, if the parties occupying the automobile were, at the time, upon a common business errand, *held* properly refused as being inapplicable to the evidence.   p. 399.

2. APPEAL.—*Review.*—*Instructions.*—*Use of Railroad Crossing.* —In an action against a railroad company for the death of plaintiff's decedent, a passenger in an automobile, in a crossing accident, an instruction that both decedent and the railroad had an equal right to cross at the point where the accident occurred and that both parties were under a duty to use reasonable care, *held* harmless to defendant when taken in connection with other instructions.   p. 399.

3. RAILROADS.—*Highway Crossings.*—*Rights of Persons on Highway.*—*Railroad's Right to Priority.*—Where both a passenger in an automobile and a railroad desired to use the highway at a crossing at the same time, the railroad with its train had the priority of passage, upon giving due notice of its approach. p. 399.

4. DAMAGES.—*Excessive Damages.*—An award to a widow of $2,500 damages for the death of her husband killed in a railroad crossing accident, *held* not excessive on the ground that the evidence did not show that decedent was engaged in any business from which he received any salary or income, or that he had ever contributed anything to the support of his family in view of evidence showing that decedent, who was fifty-four years old, with an expectancy of eighteen years, was a farmer and interested with another in a dairy business, and, though for some time prior to his death he had been unable to perform manual labor because of an injury to his hand, he was able to look after his business, and was living with his family. p. 400.

From Porter Circuit Court; *H. H. Loring*, Judge.

Action by Cora Sams, executrix of the estate of John Sams, deceased, against the Lake Erie and Western

Railway Company.   From a judgment for plaintiff, the defendant appeals.   *Affirmed.*

*J. B. Cockrum, Hickey & Wolfe, E. D. Crumpacker* and *Owen L. Crumpacker,* for appellant.

*Daniel E. Kelly, Earl Rowley* and *L. Darrow,* for appellee.

REMY, J.—Action by appellee to recover damages for the death of John Sams, who was killed as a result of a collision by an automobile, in which he was riding, with appellant's train at a highway crossing.   Trial resulted in a verdict and judgment for $2,500.

The action of the trial court in overruling the motion for new trial is the only error assigned; and the only questions presented are:    (1) The alleged error in refusing to give instructions numbered 21 and 22 requested by appellant; (2) the giving of instruction No. 15 by the court on its own motion; and (3) that the damages are excessive.

The evidence discloses that the crossing at which decedent lost his life was such that approaching trains were not in plain view of travelers coming from the north on the highway until such travelers were within twelve or fifteen feet of the crossing; that decedent was riding in the back seat of an automobile with Clyde Johnson, the owner thereof, which machine was being operated by one Ross Johnson, a brother of Clyde Johnson; that the front end of the automobile, which was approaching from the north, was on the railroad track before the train was discovered by decedent, who had looked and listened for trains.   It appears from the evidence that decedent and Clyde Johnson were partners in the dairying business, and that at the time of the collision they, with Ross Johnson, were returning from a public sale of dairy cattle, which sale they had attended, though they had not gone to purchase, but

merely to see the cattle that were sold. It does not appear that Ross Johnson was in the dairying business with his brother and the decedent, nor that he was in any way interested in that business. He had gone to the sale merely as the companion of the other two men.

By its tendered instruction No. 21, appellant sought to have the court instruct the jury that the negligence of the driver of the automobile would be imputed

1. to appellee, if they found from the evidence that the parties occupying the automobile were, at the time, all upon a common business errand; and by its instruction No. 22 asked that the jury be instructed as to the duty of appellee when the automobile approached the crossing. There was no error in refusing to give said tendered instructions, since neither, in the form drawn, was applicable to the evidence.

Instruction No. 15, given by the court on its own motion, is as follows: "Both the plaintiff's decedent and the defendant railway company had an equal

2-3. right to cross the street at the point where the accident happened, and the law imposes upon both parties the duty of using reasonable care and precaution to avoid accident and danger."

It will be observed that this instruction does not state that the parties had equal rights at the crossing, but that each had an equal right to cross. Under the law, if both desired to use the highway at the same time, appellant with its train had the priority of passage, upon giving due notice of its approach. *Virgin* v. *Lake Erie, etc., R. Co.* (1913), 55 Ind. App. 216, 101 N. E. 500. While we cannot commend the instruction, yet, when taken in connection with other instructions given by the court, it could not have been harmful to appellant.

It is urged by appellant that the damages assessed by the jury are excessive for the reason, as contended, that the evidence does not show that the decedent was

engaged in any business from which he received
4. any salary or income, nor that he had ever con-
tributed anything to the support of his family.
The evidence shows that the decedent at the time of his
death was a farmer, and was jointly interested with
Clyde Johnson in the dairying business; that two weeks
before his death he had moved with his family, consist-
ing of a wife and a fourteen year old child, from his
farm to Valparaiso; that sometime previous to leaving
the farm he had injured his hand, and was unable to
perform manual labor, but was able to look after his
business; that he was ordinarily able to work and had
worked right along; that he was fifty-four years of age,
with an expectancy of eighteen years. Although there
is no evidence showing the earning capacity nor the
income of the decedent, nevertheless it is shown that he
was a farmer and dairyman, was able to look after his
business, and was living with his family. The evidence
shows that in the decedent's death his family sustained
a pecuniary loss, and we hold that under the evidence
the damages assessed are not excessive. *Malott* v.
*Shimer* (1899), 153 Ind. 35, 54 N. E. 101, 74 Am. St.
278; *Missouri, etc., R. Co.* v. *Moffatt* (1899), 60 Kan.
113, 55 Pac. 837, 72 Am. St. 343; *Voelker* v. *Hill-
O'Meara Construction Co.* (1910), 153 Mo. App. 1, 131
S. W. 907; *Baltimore, etc., R. Co.* v. *State* (1865), 24
Md. 271.

We find no reversible error. Judgment affirmed.